# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2011

No. 10-50888
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAUL EDWARD COPELAND,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-136-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Paul Edward Copeland, an unlicensed gun dealer, has appealed his jury convictions of selling a firearm at a gun show to an alien who was not lawfully in the United States, a violation of 18 U.S.C. § 922(d)(5)(A). Copeland contends that the district court erred in denying his motion for a judgment of acquittal because the Government failed to prove beyond a reasonable doubt that he knew or had reason to know that the purchaser of the firearm, Hipolito Aviles, was an illegal alien.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50888

In reviewing a conviction for sufficiency of the evidence, this court will affirm if a reasonable fact finder could have concluded that the evidence established the elements of the offense beyond a reasonable doubt. *United States v. Santillana*, 604 F.3d 192, 195 (5th Cir. 2010). The evidence, credibility determinations, and reasonable inferences drawn therefrom are viewed in the light most favorable to the Government. *Id.* "The intent necessary to support a conviction can be demonstrated by direct or circumstantial evidence that allows an inference of an unlawful intent, and not every hypothesis of innocence need be excluded." *United States v. Yi*, 460 F.3d 623, 629 (5th Cir. 2006) (internal quotation marks and citation omitted).

Under section 922(d) of Title 18, United States Code, it is "unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person *knowing or having reasonable cause to believe* that such person— . . . (5) who, being an alien—(A) is illegally or unlawfully in the United States." § 922(d)(5)(A) (paragraph breaks omitted; emphasis supplied). It is the purchaser's status as an illegal alien that makes the activity of selling a firearm to him criminal. *United States v. Murray*, 988 F.2d 518, 521-22 (5th Cir. 1993). To show that the defendant had the criminal intent to commit the offense, the Government must show that the defendant knew or had reasonable cause to believe that the purchaser was an illegal alien. *Id.*

With the assistance of another person, who was translating from Spanish to English, Aviles negotiated with Copeland at a gun show over the price of a firearm that Copeland was selling. Copeland refused to sell the pistol directly to Aviles because he did not have proper identification. Copeland sold the gun instead to Aviles's companion, who could produce identification. If Aviles was not a prohibited person, he could have purchased the gun himself, and there would have been no need to use a strawman. Based on the circumstances of the transaction, a reasonable juror could have found that Copeland had reason to

believe that Aviles was the true purchaser of the pistol, and that Aviles could not do so legally because he was an illegal alien. *See Santillana*, 604 F.3d at 195.

We note that the judgment recites erroneously that Copeland was convicted of violating 18 U.S.C. § 922(a)(1)(A). The judgment is AFFIRMED AS MODIFIED to correct this clerical error and to reflect that the conviction is of a violation of 18 U.S.C. § 922(d)(5)(A).